UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DARREN V. BERG and <br> KATHERYN BERG, <br><br> Plaintiffs, <br><br> v. <br><br> KNOX COUNTY, TENNESSEE and <br> JAMES TYLER SMITH, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 3:22-CV-272-KAC-JEM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER DISMISSING ACTION

Because Plaintiffs failed to comply with this Court's orders [Docs. 9, 11] and prosecute this action, the Court dismisses the action. Plaintiffs filed this action on August 11, 2022 [Doc. 1]. Plaintiff Darren V. Berg, a licensed attorney, represents himself pro se in this action [*See* Doc. 1 at 1]. And it appears that Mr. Berg purports to represent Katheryn Berg in this action [*See* Doc. 1 at 1, 22].

On October 27, 2022, the Court ordered the Parties to this matter to confer and submit the required Rule 26(f) report to the Court on or before November 17, 2022 [Doc. 9]. On November 17, 2022, Defendant Knox County filed a notice with the Court indicating that it "contacted Mr. Berg by email on November 2, 2022 to confer about a discovery plan but Plaintiffs have not responded" [Doc. 10 at 1].[1] On December 14, 2022, the Court issued an Order requiring Plaintiffs to show cause "as to why the Court should not dismiss this case under Federal Rule of Civil Procedure 41(b) and Local Rule 83.13 for failure to prosecute this action and failure to respond to the Court's October 27 Order" [Doc. 11 at 2]. The Order to Show Cause warned Plaintiffs that

---

[1] It appears that Plaintiffs have not properly served Defendant James Tyler Smith [*See* Doc. 2].

"[f]ailure to timely respond [to the Court's Order to Show Cause] will result in dismissal of this action" [*Id.*]. To date, Plaintiffs have not responded to the Order to Show Cause or complied with the Court's October 27 Order.

Under Rule 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute [an action] or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Additionally, Local Rule 83.13 provides that "[i]t is the duty of any party not represented by counsel . . . to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. And the Court's Local Rules provide that "[t]he failure of a *pro se* plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case." *Id.* When contemplating dismissal of an action under Rule 41(b), a court must consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Steward*, 8 F. App'x at 296 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).

On this record, the Court is compelled to dismiss this action because Plaintiffs have failed to comply with the Court's Order and prosecute this action. Plaintiffs have willfully failed to comply with the Court's orders and have failed to prosecute this action, even after the Court issued

an express Order to Show Cause highlighting the failure. This willful refusal to comply with the Court's orders has prejudiced Defendant Knox County, leaving it with no option to move forward. The Court expressly warned Plaintiffs that failure to comply with the Court's Order to Show Cause would result in dismissal of this action under Rule 41(b) [Doc. 11 at 2]. But Plaintiffs have not complied. The Court considered less drastic sanctions, but here, a less drastic sanction is not appropriate because Plaintiffs' failure to comply with the Court's orders and prosecute this action leaves both the Parties and the Court with no option to proceed with this case. Accordingly, the Court **DISMISSES** this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge